# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO.: 3:05CV142

| | | |
|---|---|---|
| SUSAN SMALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DELHAIZE AMERICA, INC. d/b/a FOOD LION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss [file doc. 2] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, filed April 07, 2005. On May 19, 2005, Plaintiff filed both a Response to Defendant's Motion to Dismiss and a Motion for Leave to File an Amended Complaint [file doc. 7]. On June 3, 2005, Defendant filed its Reply. Both motions are now ripe for disposition by the Court.

Having carefully considered the arguments, the record, and the applicable authority, for the below-stated reasons the Court will <u>grant</u> Defendant's Motion to Dismiss as to named Defendant Delhaize America, Inc. The Court will also <u>grant</u> Plaintiff's Motion for Leave to File an Amended Complaint.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On December 9, 2003, Plaintiff filed a charge of discrimination and retaliation with the

Equal Employment Opportunity Commission ("EEOC") against "Food Lion." (Def.'s Mem., Ex. A.) On November 26, 2004, the EEOC issued Plaintiff a Notice of Right to Sue, authorizing Plaintiff to initiate judicial proceedings within 90 days of receiving the notice. (Def.'s Mem. Ex. C.) The EEOC mailed copies of Plaintiff's charge and notice of suit rights to Food Lion, LLC's Director of Human Resources, Ms. Brenda Brotherton. (Def.'s Mem., p. 2, Ex. B.) Plaintiff then filed a complaint with the Superior Court for Mecklenburg County on February 25, 2005 against "Delhaize America, Inc. d/b/a Food Lion" ("Delhaize"), alleging discrimination and retaliation against her in violation of the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964. (Compl.) Defendant subsequently removed the case to this Court. (Def.'s Notice of Removal.)

Delhaize now seeks to have this action dismissed on the basis that Food Lion, LLC, not Delhaize, was actually Plaintiff's employer. (Def.'s Mem., pp. 1-2.) "Food Lion, LLC ("Food Lion") is a subsidiary of Delhaize, and Food Lion is a limited liability company formed and existing under the laws of the State of North Carolina. Food Lion is a completely distinct and separate legal entity from Delhaize." (G. Linn Evans Aff. ¶ 4.)

In her Response to Defendant's Motion to Dismiss, Plaintiff concedes that she erroneously named the wrong defendant, Delhaize, in the present action. (Pl.'s Resp. ¶ 2.) Plaintiff explains that her research via the North Carolina Secretary of State Internet site disclosed that "Foodlion, Inc." was renamed "Delhaize America, Inc." in 1999. (Pl.'s Resp. ¶ 3.) Additionally, the name and address of the Registered Agent, as well as the address of the principal office provided on the Internet site, are the same for both "Foodlion, LLC" and "Delhaize America, Inc." Defendant maintains that records from the same Secretary of State

Internet site indicate that "Food Lion, Inc." is a previous North Carolina corporate name and that "Food Lion, LLC" is a current North Carolina corporate name. (Def.'s Reply, p. 5.)

Plaintiff does, however, acknowledge that she denominated the wrong defendant and thereby seeks to amend her complaint to name Food Lion, LLC as the appropriate defendant. Plaintiff further asks that the Court allow the Amended Complaint to relate back to the original complaint filing.

## II. DISCUSSION OF CLAIMS

### A. Defendant's Motion to Dismiss

When considering a motion to dismiss, the Court must accept the factual allegations in the complaint as true, while also viewing the complaint in the light most favorable to the plaintiff. *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). A court may only grant a motion to dismiss when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (citations omitted). Defendant Delhaize argues that Plaintiff's complaint should be dismissed *with prejudice* because: (1) Delhaize has never employed Plaintiff and thus the Court lacks subject matter jurisdiction over this matter and Plaintiff has failed to state a claim upon which relief may be granted; and (2) in regards to the ADA and Title VII claims, Plaintiff failed to exhaust the administrative remedies against Delhaize. Because Plaintiff admits to erroneously naming Delhaize as the defendant in this action and does not oppose a dismissal of the complaint as it pertains to Delhaize, the Court will so order.

### B. Plaintiff's Motion for Leave to File an Amended Complaint and Relation Back

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the

party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Discretion to deny leave to amend is limited by this principle in Rule 15(a) and by the general policy in the Federal Rules favoring resolution of cases on their merits. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citing Fed. R. Civ. P. 1). Consequently, "[m]otions to amend under Rule 15(a) of the Federal Rules should be freely granted." *Massie v. Board of Trustees Haywood Community College*, 357 F. Supp. 2d 878, 884 (W.D.N.C. 2005) (citing Fed. R. Civ P. 15(a); *Foman v. Davis*, 371 U.S. 187, 182 (1962)).

Plaintiff moves to amend her complaint so that she may name the appropriate defendant. Because the statute of limitations has run on Plaintiff's ADA and Title VII claims, Plaintiff further requests that the amended complaint relate back to the date of the original filing. Defendant, however, sought a dismissal *with prejudice,* thereby preventing Plaintiff from filing a new complaint and vigorously opposes any amendment to Plaintiff's complaint in its Reply to Plaintiff's Motion for Leave to File an Amended Complaint.

A dismissal *with prejudice* is appropriate only when "no amendment could cure the defects in the plaintiff's case." *Domino Sugar Corp. v. Sugar Workers Local 392*, 10 F.3d 1064, 1066 (4th Cir. 1993). A dismissal *without prejudice*, however, does not pass on the merits of the complaint and allows the plaintiff to amend the complaint to cure any formal deficiencies that caused its dismissal. *Id.*; Fed. R. Civ. P. 15 advisory committee's note. The Supreme Court has liberally construed Rule 15 of the Federal Rules of Civil Procedure governing amendments, and held that leave to amend a complaint should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc...." *Foman* , 371 U.S. at

182. Moreover, an amended complaint may relate back to the date of the original pleading if

> the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c). While relation back is proper if the proposed amendment corrects formal mistakes such as misnomers or misidentifications contained in the pleadings, the Fourth Circuit has endorsed the majority view that the lack of knowledge of the true identity of a party does not constitute a mistake for purposes of relation back. *Barnes v. Prince George's County*, 214 F.R.D. 379, 381 (D. Md. 2003) (citing *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989)).

Defendant argues that *Barnes v. Prince George's County* compels a denial of Plaintiff's Motion. In that case, the plaintiff sought leave to amend her complaint to name "Corporal James Fournier" in place of "John Doe." 214 F.R.D. at 379. In denying the plaintiff's motion, the court noted that although Rule 15(c) is harsh, its purpose is to allow the relation back of amendments that change the name of a party only if the change is the result of an error, as opposed to a previous inability to identify the appropriate defendant. *Id.* at 382. Defendant likewise asserts that the Plaintiff in this action lacked knowledge of the proper defendant to name in this action and therefore cannot benefit from the relation back provision of Rule 15(c).

Defendant is incorrect in its application of *Barnes* to the facts in the instant case. Specifically, it is clear that Plaintiff knew the essential identity of the party she wished to sue, as evidenced by her EEOC charge against "Food Lion." Plaintiff erroneously initiated suit against

Delhaize, believing that Delhaize was doing business as Food Lion following the 1999 name change of the company from "Foodlion, Inc." to "Delhaize America, Inc." This mistaken identification, compounded by the fact that both Delhaize America, Inc. and Food Lion, LLC share the same principal address ("Salisbury address"), is precisely the type of oversight that Rule 15(c) contemplates.

While a person may amend a complaint for such technical oversights, the person seeking to amend must still show that the defendant to be named knew or should have known that but for a mistake in the identity of the party, he would have been previously named in the complaint, and further, that the defendant to be added had sufficient notice so that he would not be prejudiced in maintaining a defense on the merits of the case. *See Barnes*, 214 F.R.D. at 382; Fed. R. Civ. P. 15(c)(3). In the instant case, Plaintiff filed the EEOC charge against "Food Lion," and listed the Salisbury address on the charging document. The EEOC mailed "Food Lion" a copy of Plaintiff's charge of discrimination to the same Salisbury address. Moreover, Food Lion Human Resources/EEO Manager Felicia Eagles ("Ms. Eagles") responded to an inquiry from the EEOC through a letter written on Food Lion letterhead, naming the same Salisbury address. The EEOC subsequently sent Ms. Eagles a copy of the notice to sue rights it had issued Plaintiff to the Salisbury address.

Defendant maintains that Plaintiff failed to point to any facts demonstrating notice. Defendant notes that the EEOC investigation and response were handled by Food Lion Human Resources personnel, who were not employed by Delhaize, and further, that the original complaint was served only upon Delhaize. Defendant's arguments, however, miss the point of a 15(c) inquiry—whether the *intended* defendant had notice such that he or she would not be

prejudiced in defending the action. Because of the correspondence between the EEOC and a Human Resources representative of Food Lion, Food Lion, LLC knew or should have known that but for a mistake in identity, it would have been named in the instant lawsuit. Further, it is not inconceivable to assume that Delhaize would have notified its subsidiary (which shares the same principal office address) of the lawsuit, which was clearly directed at Food Lion, LLC. Under these circumstances, Food Lion, LLC will not be prejudiced in defending this action on the merits.

Based on the foregoing,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is **GRANTED,** as to Defendant Delhaize.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**. Plaintiff's Amended Complaint *will relate back* to the date of the original pleading. Plaintiff is directed to file the Amended Complaint with this Court within ten days of receipt of this Order.

This 27th day of July, 2005.

Graham C. Mullen
Chief United States District Judge